# BENNINGTON COUNTY.

## FEBRUARY TERM, 1839.

PRESENT, HON. CHARLES K. WILLIAMS, *Chief Justice.*
" STEPHEN ROYCE,
" JACOB COLLAMER, } *Assistant Justices.*
" ISAAC F. REDFIELD,

BANK OF BENNINGTON *v.* SAMUEL C. RAYMOND.

The holder of a bill of exchange, payable at a future time, and on a day certain, is not bound to present it to the drawee for acceptance until it becomes due.

ASSUMPSIT, by the plaintiffs as indorsees, against the defendant as indorser of a bill of exchange, drawn by Godfrey & Atkins, at Bennington, on Wight, & Co., of Troy, New York. The bill was dated March 22, 1837, payable three months from date, at the Merchants and Mechanics Bank, in Troy. It was presented for acceptance on the second day of May, 1837, and for payment at its maturity. On both occasions it was protested and due notice was given to the defendant, and the other parties. It appeared that,

Bennington,
  February,
   1839.

Bank of
Bennington
    v.
Raymond.

between the date of the bill and its presentment for acceptance, Wight & Co., the drawees, had accepted other bills, drawn by Godfrey & Atkins, on them, to a greater amount than the amount of the bill in question, and that Godfrey & Atkins had failed.

The county court decided that it was not necessary for the plaintiffs to present the bill to the drawees until it became due, and rendered a judgment for the plaintiffs, and the defendant excepted to the decision.

*D. Robinson, Jr.,*for defendant, contended that the rule which ought to be adopted in this state, in all cases of bills of exchange, whether foreign or inland, whether payable at sight or in a given number of days after sight, or in any other manner, the holders should use due diligence to obtain the money from the drawees, by presenting the bill in a reasonable time for acceptance, and, in case of neglect, they thereby make the bill their own, and cited *Muilman* v. *D'-Eguino,* 2 H. Bl. R. 569.   Chitty on Bills, 299, 300, 301, 355.   2 Burr. 678.   5 do. 2670.

*U. M. Robinson,* for plaintiffs.

It is not necessary to present a bill for aceptance,except when it is made payable at a specified time after sight or after demand.   *Orr* v. *Maginnis,* 7 East's R. 362.   *Philpot* v. *Bryant,* 3 Car. & Payne, 244. Chitty on Bills, 299. 2 Stark. Ev. 256.   1 Wheat. Selw. 246.   1 Swift's Dig. 423.   Chitty on Bills, 303, 304 and 305, in notes.

In cases of bills payable in a certain number of days after date, it suffices to prove a presentment for acceptance, and refusal to accept, at any time before the bill becomes due. Chitty on bills, 642.   Bull. N. P. 269.   2 Stark. Ev. 423.

There is no obligation to procure the acceptance of a bill payable at a day certain, *as the time goes on* whether accepted or not.

If a bill is drawn upon a merchant in London, payable to J. S., at double usance, J. S. is not bound, in strictness of law, to procure an acceptance, but only to tender the bill when the money is due.   Chitty on Bills, 299, note.

A bill drawn at Boston, on a merchant in New York, dated April 23, payable 4 months from date, and presented for acceptance, July 13, was held to have been presented in due

season. Chitty on Bills, appendix, 852, citing 12 Pick. R. 399.

BENNINGTON,
*February,*
1839.

Bank of
Bennington
*v.*
Raymond.

The opinion of the court was delivered by

ROYCE, J.—The only question, in this case, is, whether it was the legal duty of the plaintiffs to present this bill for acceptance at *an earlier day*, when it would probably have been accepted and, consequently, paid at maturity. Had the bill been made payable in any specified time *after sight*, or *after demand made*, it is settled, by the modern cases, that it must be presented for acceptance within a reasonable time, to be determined by the distance and other circumstances. And it is urged, for the defendant, that the same rule should 'be applied to cases like the present, where the bill is made payable at a given time from the date. By a reasonable time, in the former case, is not meant the shortest time in which a presentment may be made, (as in case of giving notice of the dishonor of a bill,) but a reasonable time in reference to the business relations between the parties, which may be expected to fluctuate and change. The drawer is not bound to keep the drawee in funds to meet the bill for an unreasonable and indefinite time. Presentment for acceptance is, in such a case, the only mode of fixing the time of payment.

When the bill, as in this case, is made payable at a time certain, the drawer chooses his own time for placing his funds in the hands of the drawee, and no act of the holder can postpone the time of payment. And each indorser is regarded as a new drawer. The engagement to the holder, is, that the bill shall be paid on presentment for that purpose, at the time stated. The direction to the drawee, is, to pay it at that time, if presented. There is no stipulation for any intermediate presentment for acceptance. That, in such a case, the holder *has a right* to present for acceptance, as soon as he pleases, is certainly true, and, that an early presentment, for that purpose, is generally expedient for his own interest, must be admitted. And, probably, an obligation to make an early presentment may be imposed upon the holder, by an express requisition of the drawer or indorser, to that effect. Beyond this the mercantile law does not extend. And to adopt the rule con-

BENNINGTON, tended for by the defendant, would be an innovation up-
*February,*
  1839,    on that law which we are by *no* means at liberty to
───────── make.
  Bank of
Bennington              Judgment of the county court affirmed.
  *v.*
Raymond.